**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Aug 02 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENT W. CARTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1203-CR-108 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1110-FD-1365

**August 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Kent W. Carter appeals his two-year sentence for Class D felony failure to return to lawful detention. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because Carter has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

## Facts and Procedural History

After pleading guilty in 2011 to two counts of Class D felony theft, Carter was placed in the Allen County Work Release program. On September 23, 2011, Carter received approval to go to his place of employment, Hoosier Pride Plastics, from 6:30 a.m. to 7:30 p.m. Carter did not return to the Allen County Work Release Center by 7:30 p.m., as he was required to do. Instead, he returned some time the following day. As a result, the State charged Carter with Class D felony failure to return to lawful detention. In February 2012, Carter pled guilty to failure to return to lawful detention. The trial court sentenced Carter to two years in the Department of Correction.

Carter now appeals.

## Discussion and Decision

Carter contends that his two-year sentence is inappropriate in light of the nature of the offense and his character.[1] We disagree.

---

[1] Carter frames his argument solely as whether his sentence is inappropriate. *See* Appellant's Br. p. 1, 3. However, because Carter references aggravators and mitigators in closing, the State construes Carter's argument as including the contention that the trial court abused its discretion by failing to consider certain mitigators. To the extent that Carter's argument contains this assertion, we observe that whether a trial court has abused its discretion by improperly recognizing aggravators and mitigators when sentencing a defendant and whether a defendant's sentence is inappropriate under Indiana Appellate Rule 7(B) are two distinct analyses. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Because Carter frames his argument as one made under Indiana Appellate Rule 7(B), we so confine our discussion.

2

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

---

We note, however, that Carter's argument is misplaced. He contends that the trial court did not properly weigh certain mitigators, and for this reason, "requests this Court to re-weigh the aggravating and mitigating circumstances." Appellant's Br. p. 6. It is well settled that we do not review the weight given to an aggravator or mitigator on appeal. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

3

The sentencing range for a Class D felony is six months to three years, with one and one-half years being the advisory term. Ind. Code § 35-50-2-7. Here, the trial court sentenced Carter to two years in the Department of Correction. This sentence was within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. After pleading guilty to two counts of felony theft, Carter was given what he described as "a gift," the opportunity to work and earn money for his family through the Allen County Work Release program. *See* Sent. Tr. p. 7. Carter chose not to abide by the rules of the program by knowingly failing to return as scheduled.

Regarding his character, Carter has a significant criminal history. He has accumulated thirteen felony convictions in Indiana, including theft, auto theft, forgery, and burglary, and his probation has been revoked twice. Carter also has a felony conviction and three misdemeanor convictions in Virginia. While Carter points out his intent to pursue an education, previous military service, and commitment to supporting his family, his criminal history and actions in this case show that he has not been deterred from criminal activity through his extensive contact with the criminal justice system. Nor has he availed himself of the opportunities given to him in the form of alternative sentencing. Carter has failed to persuade us that his two-year sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J., and BARNES, J., concur.

4